James Di Vice, Plaintiff, *v.* Western Union Telegraph Company, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, March 4, 1926.

**Telegraphs and telephones — action based on failure to deliver telegram at Havana, Cuba — telegram stated plaintiff would leave New York city on certain date — party to whom telegram was addressed left Havana before plaintiff arrived — evidence does not show that expense of trip was incurred through failure of defendant to deliver telegram — no proof of cost of telegram — plaintiff may recover nominal damages only.**

In an action based on the failure of the defendant to deliver a telegram addressed to a third person at Havana, Cuba, in which it is contended that the plaintiff made a useless trip to Havana, Cuba, inasmuch as when he arrived the party to whom the telegram was addressed had left the city, the plaintiff cannot recover general damage, since there was nothing about the message to show that his trip to Havana depended upon its delivery, and no evidence that the plaintiff would not have made the trip in any event.

There being no evidence as to the amount plaintiff paid the defendant to deliver the message, a recovery of the charge cannot be had and plaintiff is limited to a recovery of nominal damages only.

Action to recover damages for breach of contract to deliver a cablegram.

*Abraham Kutz*, for the plaintiff.

*Francis R. Stark* [*Homer Brockett* of counsel], for the defendant.

Genung, J. It appears that on December 6, 1924, the plaintiff telephoned to the defendant a cable addressed to "Al Brown, Sevilla Hotel, Havana, Cuba." The message read, "Will leave on the 10th." The plaintiff requested "fast cable," for which he was charged double the customary rate.

It appears that on December 8, 1924, plaintiff started for Havana, Cuba, arriving on December 11, 1924, and made inquiry at the Sevilla Hotel for Al Brown, and learned that Al Brown had left the hotel on December tenth without giving any forwarding address. Plaintiff claims that he was compelled to remain in Havana until December seventeenth, the first available sailing date, and arrived on December twentieth in New York. On December twenty-sixth plaintiff received a telephone message from the defendant that the cablegram had been returned as "unclaimed." Plaintiff testified that his fare to Havana and return amounted to $183.78, and that he lost $100 in wages by reason of his trip. The defendant offered in evidence a certified copy of the Western Union tariff filed with the Interstate Commerce Commission, and rested without further testimony.

While the burden of proof is upon the plaintiff to establish his cause of action, proof of non-delivery of the telegram makes a *prima facie* case of negligence, calling upon the defendant to show the contrary (37 Cyc. 1729, 1730), and, where an actionable breach of duty is shown, the plaintiff is entitled to recover at least nominal damages, but no more, unless actionable recoverable damages are shown. In the present case there was nothing in the message that indicated that the trip to Havana depended upon the delivery of the cable or the receipt of a reply by the plaintiff, and there was nothing in the testimony to indicate that the plaintiff would not have made the trip to Havana in any event, whether or not the cable was delivered. It cannot be said, therefore, that the failure to deliver the cable was the cause of the trip to Havana or of the damages claimed by the plaintiff.

It appears from the testimony that the plaintiff was charged for sending the message, and that the charge was paid, but it does not appear from the testimony or from the pleadings what was the amount of said charge. The amount paid for the transmission of the message would be an item of actual damage, and would be recoverable by the plaintiff, together with such general damages as were the direct and natural result of the breach of contract, and were within the contemplation of the parties at the time of the making of the contract, but, in the present case, the amount of the charge for the transmission of the message is not stated, and the negligence of the defendant and the damage resulting therefrom is not established. The plaintiff cannot recover for the expense incurred in making the trip to Havana and return, nor for the alleged loss of wages, as there is no proof that these expenses and loss were incurred by reason of the failure of the defendant to deliver the cable.

The plaintiff, therefore, is only entitled to nominal damages, and is allowed judgment for the sum of six cents.